UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: JOSEPH ANTHONY REYNA,

1:25-CV-9608 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner Joseph Anthony Reyna, of Austin, Texas, initiated this *pro se* action ostensibly as a petition to perpetuate testimony brought under Rule 27 of the Federal Rules of Civil Procedure ("Rule 27"). Since filing his initial petition, he has filed, in this action, multiple additional submissions, including motions and requests for relief. Granting all of these submissions the liberal interpretation that they are due, Petitioner seems to seek information from the recording artist known as Sean "Diddy" Combs, his businesses, his associates, and from other recording artists, businesses, and associates.

By order dated November 26, 2025, the court granted Petitioner leave to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court denies Petitioner Rule 27 relief, dismisses this action, and denies all of Petitioner's motions and requests for relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP action, or any portion of that action, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss an action when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A. Rule 27 relief is denied**

District Judge J. Paul Oetken of this court and the undersigned have repeatedly made clear to Petitioner that his attempts at using Rule 27 as a vehicle to preserve information, other than deposition testimony, is improper. *See In re: Joseph Anthony Reyna*, No. 1:25-MC-0574 (JPO), 2026 WL 2453617, at *2 (S.D.N.Y. Aug. 21, 2026); *Reyna v. Graham*, No. 1:25-CV-6777 (LLS), 2026 WL 2334745, at *4 (S.D.N.Y. Aug. 10, 2026) ("Rule 27 is not a vehicle by which one seeks 'general discovery of evidentiary material, rather than . . . preserv[ation] [of] known deposition testimony.'" (citation omitted)); *In re: Joseph Anthony Reyna*, No. 1:25-CV-MC-0574 (JPO), 2026 WL 880517, at *2-3 (S.D.N.Y. Mar. 30, 2026); *Reyna v. Universal Music Grp. N.V.*, No. 1:25-CV-6779 (LLS), 2025 WL 3650775, at *3-4 (S.D.N.Y. Dec. 15, 2025).

The present action is just another of Petitioner's attempts to employ Rule 27 as a vehicle to preserve information other than deposition testimony. Accordingly, because it has been explained to Petitioner multiple times why doing so is improper, there is no reason to do so again. The Court therefore denies Petitioner Rule 27 relief, dismisses this action because Petitioner cannot seek the relief he is seeking in this action, and denies all pending motions and requests filed in this action.[1]

[1] The Court notes that, in an order dated August 10, 2026, the Court directed Petitioner to show cause within 30 days, by affirmation, "why the Court should not bar [Petitioner] from filing, in this court, any future civil action IFP or any other non-*habeas corpus* proceeding cognizable under the Federal Rules of Civil Procedure, including any other Rule 27 proceeding, IFP, without first obtaining the court's leave to do so." *Reyna*, 2026 WL 2334745, at *5. That order remains in effect.

**B. Leave to amend is denied**

Federal district courts generally grant a *pro se* litigant an opportunity to amend an initiating document to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's submissions cannot be cured with an amendment, the Court declines to grant him leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court denies Petitioner's attempt to seek relief, and thus, information, under Rule 27 of the Federal Rules of Civil Procedure because Petitioner cannot seek the relief he is seeking in this action.

Accordingly, the Court denies all of Petitioner's pending motions and other requests for relief. The Court therefore directs the Clerk of Court to terminate all pending motions, including ECF 7, 14, and 18.

The Court also directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: September 9, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.